# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>vs.<br><br>JOSE RODRIGUEZ,<br><br>                    Defendant.<br>_____ | No. CR 07-1447-RCC-CRP<br><br>REPORT AND<br>RECOMMENDATION |

Pending before this Court is Defendant's Motion to Dismiss Indictment. (Doc 10). Defendant is charged with illegal re-entry after deportation. 8 U.S.C. § 1326(b). In his Motion to Dismiss, Defendant collaterally attacks his underlying deportation. He argues his prior removal was unlawful and violated his due process right to judicial review because his lawyer ineffectively and inadequately represented him. Central to Defendant's argument is his former attorney's failure to file an opening brief with the Ninth Circuit, which resulted in the dismissal of Defendant's appeal and led to his removal. The Government contests the Motion to Dismiss arguing Defendant failed to exhaust his administrative remedies, his deportation was not unlawful, his prior counsel's failure to file the brief was not per se deficient, and Defendant did not seek permission to reenter. For the reasons outlined below, the Magistrate Judge recommends that the District Judge, after his independent review and analysis, deny Defendant's Motion to Dismiss.

**I. Factual and Procedural History**

On April 2, 1996, Defendant pled guilty and was convicted of one count of violating California Penal Code § 288(a), lewd acted upon a child. (Doc 10, Attachment

1  2, p 15). The trial judge sentenced Defendant to 180 days in jail and five years probation.
2  (Doc 10, Attachment 2, p 15). As a result of his conviction, the Government initiated
3  removal proceedings against Defendant on February 28, 2001. (Doc 10, Attachment 2, p
4  12). On October 12, 2004, the Immigration Judge sustained the allegation and the charge
5  against Defendant. (Doc 10, Attachment 2, p 13). At that time Defendant requested
6  relief under former Immigration and Nationality Act §212(c) ("§ 212(c)). 8 U.S.C. §
7  1182(c) (1996) (*repealed by* Pub.L. 104-208, Div. C, Title III, § 304(b), Sept. 30, 1996,
8  110 Stat. 3009-597). After testimony from Defendant, his mother, and his half-sister,
9  who was the victim of Defendant's crime, the Court denied Defendant relief under §
10  212(c) on January 21, 2005. (Doc 10, Attachment 2, p 13).

11  In its oral decision denying § 212(c) relief, the Court provided a detailed list of
12  facts supporting its decision. (Doc 10, Attachment 2, p 15-16). Those facts included
13  Defendant's lack of steady income and his inconsistent work history. Also, Defendant's
14  2001 and 2002 tax returns showed income well below the poverty line and insufficient to
15  support himself or his family. Defendant argued he made substantially more money,
16  which was not indicated on his tax returns. The Immigration Judge determined if
17  Defendant's argument was true, it meant Defendant committed tax fraud.

18  The Immigration Judge also pointed to Defendant's personal history as support for
19  a denial of § 212(c) relief. (Doc 10, Attachment 2, p 15-16). After dropping out of high
20  school in 11th grade, Defendant did not obtain a GED and did not take any educational,
21  trade, or technical courses. Defendant also lacked involvement with community or social
22  organizations. Additionally, Defendant was not named on the birth certificate of a child
23  he claimed to have fathered who was a United States citizen and with whom he lived.
24  Defendant also lived with an undocumented woman. (Doc 10, Attachment 2, p 15).

25  Further supporting a denial of § 212(c) relief, the Immigration Judge found
26  Defendant uncooperative for failing to provide the Court with information helpful to
27  resolving the § 212(c) application. Specifically, Defendant failed to provide the Court
28  with requested information about (1) his ability to obtain employment in El Salvador, (2)

1  documentation that proved Defendant completed his probation for the sex crime
2  conviction, or (3) any information from a professional about the state of his family
3  subsequent to Defendant's sex crime against his half-sister.  (Doc 10, Attachment 2, p 15-
4  16).  Furthermore, Defendant denied having a juvenile record but the Government
5  presented evidence proving Defendant served probation as a juvenile for being in
6  possession of cocaine for sale.  Finally, the Immigration Judge noted Defendant twice
7  violated his probation for his sex crime conviction by failing to appear for counseling
8  services.  (Doc 10, Attachment 2, p 16).  Considering Defendant's financial, educational,
9  and personal history, as well as his lack of cooperation, the Immigration Judge denied
10  Defendant's § 212(c) application.

11  After filing a Notice of Appeal with the Board of Immigration Appeals ("BIA")
12  and then withdrawing that appeal, Defendant filed a Motion to Reopen with the
13  Immigration Judge on July 5, 2005.  (Doc 10, Attachment 2, p 13).  A motion to reopen
14  must be filed with the immigration court within 90 days of the date of entry of a final
15  administrative order of removal, deportation, or exclusion, or on or before September 30,
16  1996, whichever is later.  8 C.F.R. § 1003.23(b).  Defendant's Motion to Reopen was
17  filed over five months after the Immigration Judge denied Defendant's § 212(c)
18  application. Given Defendant only had 90 days to file such a motion, the Immigration
19  Judge denied Defendant's Motion to Reopen as untimely.  (Doc 10, Attachment 2, p 13).
20  While the Immigration Judge denied the Motion on procedural grounds, she also analyzed
21  the substantive issues of Defendant's § 212(c) application.  The Immigration Judge held
22  she would deny Defendant's § 212(c) application even if Defendant had timely filed the
23  Motion.  (Doc 10, Attachment 2, p 14).

24  The Immigration Judge set out two reasons she would deny § 212(c) relief absent
25  the untimeliness of Defendant's Motion to Reopen.  First, the Judge cited the BIA's
26  recent decision in *Matter of Blake*.  23 I&N Dec. 722 (BIA 2005), *review granted*, *cause*
27  *remanded by Blake v. Carbone*, 489 F.3d 88 (2nd Cir.2007).  In *Blake*, the defendant was
28  convicted of sexual abuse of a minor and was granted relief from deportation under §

1  212(c). On appeal the BIA determined the defendant was not eligible for relief under §
2  212(c). To reach its decision, the BIA applied a comparable grounds analysis and found
3  § 212(c) relief was unavailable to a person convicted of sexual abuse of a minor. The
4  BIA determined no comparable ground of inadmissibility existed under § 212(a) for a
5  person convicted of sexual abuse of a minor. *Blake*, 23 I&N Dec. at 723. Following the
6  *Blake* precedent, the Immigration Judge in the present case held Defendant was ineligible
7  for § 212(c) relief given his conviction for a lewd act upon a child. (Doc 10, Attachment
8  2, p 3).

9  In addition to the *Blake* decision, the Immigration Judge held it would deny §
10  212(c) relief to Defendant in his Motion to Reopen for a second reason as well. The
11  Judge found even if Defendant was eligible for § 212(c) relief, he would have been
12  denied relief because Defendant lacked outstanding equities to overcome the very serious
13  nature of his offense. (Doc 10, Attachment 2, p 16). In a written opinion, the Judge
14  detailed the multiple facts supporting her decision that Defendant, were he eligible, would
15  not be entitled to §212(c) relief. The facts cited by the Immigration Judge included those
16  that she relied upon in her original ruling from the bench denying § 212(c) relief, as well
17  as facts further developed after that hearing. (Doc 10, Attachment 2, p 14-17).

18  Some of the facts developed after the Immigration Judge's original denial of §
19  212(c) relief included Defendant's recently submitted 2003 and 2004 tax returns. These
20  returns showed Defendant earning substantially more money in 2003 and 2004 than he
21  did in the prior two years. The Immigration Judge concluded these returns did not change
22  her original finding that Defendant fraudulently filed his 2001 and 2002 tax returns. (Doc
23  10, Attachment 2, p 16). Defendant also submitted his child's birth record, amended to
24  show his paternity. (Doc 10, Attachment 2, p 16). The Judge found this evidence
25  uninformative as to Defendant's relationship with his daughter and the effect on her that
26  his removal would have. (Doc 10, Attachment 2, p 16). The Judge also noted Defendant
27  again failed to provide any information about the conditions in El Salvador and whether
28  he would face hardship if removed there. (Doc 10, Attachment 2, p 16).

1    Given the untimeliness of Defendant's Motion to Reopen, the BIA's decision in
2 *Blake*, and the facts specific to Defendant's case, the Immigration Judge denied
3 Defendant's Motion to Reopen on August 4, 2005.  (Doc 10, Attachment 2, p 17).  On
4 March 24, 2006, the BIA adopted and affirmed the decision of the Immigration Judge, per
5 curiam.  (Doc 10, Attachment 3, p 21).  The BIA was not persuaded that the evidence
6 Defendant presented originally and in his appeal "overcame[] the Immigration Judge's
7 reasons for denying the § 212(c) waiver."  (Doc 10, Attachment 3, p 21).
8    Defendant next filed, through aid of counsel, a notice of appeal to the Ninth
9 Circuit.  On March 12, 2007, the Ninth Circuit dismissed Defendant's appeal for failure
10 to file an opening brief in the case.  (Doc 10, Attachment 4, p 10).  Defendant asserts, and
11 the Government does not contest, that the failure to file an opening brief with the Ninth
12 Circuit was the fault of Defendant's counsel.  (Doc 10).
13    After his case was dismissed, Defendant was deported on May 14, 2007.  (Doc
14 10).  On July 20, 2007, Defendant was discovered near Papago Farms, Arizona, at which
15 point he was arrested, and charged with illegal re-entry after deportation.  (Doc 10).

## II. Discussion

17    Defendant seeks dismissal of the pending illegal re-entry charge, arguing his prior
18 deportation was unlawful and unconstitutional.  A collateral attack on an underlying
19 deportation order must fulfill the three requirements of 8 U.S.C. § 1326(d).  Specifically
20 Defendant must prove he (1) exhausted any administrative remedies that may have been
21 available to seek relief against the order; (2) the deportation proceedings at which the
22 order was issued improperly deprived him of the opportunity for judicial review; and (3)
23 the entry of the order was fundamentally unfair.  8 U.S.C. § 1326(d).  As set out in the
24 below sections, Defendant did exhaust his administrative remedies and he was deprived
25 of judicial review in his prior deportation proceedings.  Defendant, however, has not
26 shown that the deportation order was fundamentally unfair.

### A. Exhaustion

28    A defendant must utilize the administrative remedies available to contest a

1   deportation order before bringing claims against that order to federal court.  In
2   immigration proceedings, defendants may contest immigration decisions through motions
3   to reconsider and/or motions to reopen.  These motions may be filed in front of the
4   Immigration Judge or the BIA, dependent upon the stage of the immigration proceedings.
5   A party appearing before the Immigration Judge may file only one motion to reconsider
6   and one motion to reopen proceedings.  8 C.F.R. § 1003.23(b).  The motion to reconsider
7   must be filed within 30 days of the date of entry of a final administrative order of
8   removal, deportation or exclusion, or on or before July 31, 1996, whichever is later.  *Id.*
9   For a motion to reopen, the Defendant has 90 days from the date of entry of a final
10  administrative order of removal, deportation or exclusion, or on or before September 30,
11  1996, whichever is later.  *Id.*  The Immigration Judge has authority over motions to
12  reconsider or reopen until jurisdiction is vested with the BIA.  *Id.*

13  Once jurisdiction vests with the BIA, a defendant may file a motion to reconsider
14  or a motion to reopen before the BIA.  8 C.F.R. § 1003.2(a).  A motion to reconsider must
15  be filed with the BIA within 30 days after the mailing of the BIA decision or on or before
16  July 31, 1996, whichever is later.  8 C.F.R. § 1003.2(b)(2).  A defendant may file only
17  one motion to reopen deportation or exclusion proceedings (whether before the BIA or
18  the Immigration Judge) and that motion must be filed no later than 90 days after the date
19  on which the final administrative decision was rendered in the proceeding sought to be
20  reopened, or on or before September 30, 1996, whichever is later.  8 C.F.R. § 1003.2(c).
21  The limited exceptions to the rules for a motion to reopen are not applicable to this case.
22  8 C.F.R. § 1003.2(c)(3).

23  In the case pending before this Court, the Government asserts Defendant failed to
24  exhaust his administrative remedies in the prior deportation proceedings.  The
25  Government argues Defendant should have presented his ineffective assistance of counsel
26  claim to the immigration courts before arguing the claim to this Court.  To support its
27  position the Government cites a Fifth Circuit case in which that Court held the BIA
28  should have the first opportunity to review ineffective assistance of counsel claims.

1  *Goonsuwan v. Ashcroft*, 252 F.3d 383, 387 (5th Cir.2001).

2      *Goonsuwan* is not applicable to the case pending before this Court.  In
3  *Goonsuwan*, the Fifth Circuit considered whether a defendant needed to present an
4  ineffective assistance of counsel claim in an administrative proceeding before presenting
5  that claim to the federal court in a habeas petition.  *Id*. at 385-386.  In that case, the
6  defendant's ineffective assistance of counsel claim arose from alleged attorney errors
7  committed during the administrative proceedings held before the immigration courts.  *Id*.
8  at 386.  In contrast, the alleged attorney error in the case before this Court occurred after
9  the administrative proceedings concluded.  The BIA does not need an opportunity to
10 correct a procedural error that did not occur in the administrative proceedings but rather
11 occurred in front of a federal appellate court.  Furthermore, the rules governing
12 immigration administrative proceedings do not allow a defendant to go back to the
13 immigration courts after the administrative proceedings have concluded.

14     Defendant's ineffective assistance of counsel claim arises from his attorney's
15 failure to file an opening brief with the Ninth Circuit *after* his deportation proceedings
16 concluded in the immigration courts.  The Government has not offered any argument to
17 explain why Defendant should be required to go back to the immigration courts after
18 those proceedings have concluded.  Defendant exhausted his administrative remedies and
19 thus, satisfies the first requirement of 8 U.S.C. § 1326(d) to collaterally attack his
20 underlying deportation.

21 **B.  Deprivation of Judicial Review**

22     Under the second requirement for a collateral attack per § 1326(d), a defendant
23 must prove deprivation of judicial review in the prior deportation proceedings.  8 U.S.C. §
24 1326(d).  In this case, Defendant argues he was deprived of judicial review because his
25 counsel failed to file the requisite opening brief with the Ninth Circuit.  The consequence
26 of counsel's failure to file the brief was dismissal of Defendant's appeal.  Thus, the Ninth
27 Circuit never reviewed the merits of Defendant's claims arising from Defendant's
28 administrative deportation proceedings.

1    In an illegal reentry case, the Government must prove, as an element of the crime,
2 a prior lawful deportation of the defendant.  Where an administrative proceeding plays "a
3 critical role in the subsequent imposition of a criminal sanction, there must be some
4 meaningful review of the administrative proceedings."  *United States v. Mendoza-Lopez*,
5 481 U.S. 828, 837-838 (1987).  Failure to file necessary documents and the resulting
6 dismissal of an appeal, deprives a party of the appeal process.  *Roe v. Flores-Ortega*, 528
7 U.S. 470, 483 (2000).  Such a deprivation is a due process violation.  *Rodriguez-Lariz v.*
8 *I.N.S.*, 282 F.3d 1218, 1226 (9th Cir. 2002).

9    In the case before this Court, Defendant's counsel failed to file the requisite
10 opening brief in the Defendant's appeal to the Ninth Circuit.  As a result of counsel's
11 failure, the Ninth Circuit dismissed Defendant's appeal.  Thus, Defendant was deprived
12 review of the immigration courts' decision to remove him.

13    The Government argues counsel's failure to file an opening brief is not per se
14 ineffective assistance of counsel.  This argument is true but does not effect whether
15 Defendant was deprived of a meaningful review of his administrative deportation
16 proceedings.  These proceedings led to his deportation.  As a result, Defendant satisfies
17 the second requirement of § 1326(d).

18 **C.  Entry of Deportation Not Fundamentally Unfair**

19    After a defendant shows he exhausted his administrative remedies and that the
20 underlying deportation hearings deprived him of judicial review, a defendant must prove
21 that the resulting order of deportation was "fundamentally unfair."  8 U.S.C. 1326(d).
22 "An underlying removal order is 'fundamentally unfair' if: '(1) a defendant's due process
23 rights were violated by defects in his underlying deportation proceeding, and (2) he
24 suffered prejudice as a result of the defects.'"  *United States v. Ubaldo-Figueroa*, 364 F.3d
25 1042, 1048 (9th Cir.2004) (*brackets and citation omitted*).  To show prejudice a
26 defendant "is not required to prove that he would have received discretionary relief from
27 deportation pursuant to § 212(c)."  *United States v. Jimenez-Marmolejo*, 104 F.3d 1083,
28 1086 (9th Cir.1996).  Rather, a defendant must show that he has "plausible grounds for

relief." *Serrano v. Gonzales*, 469 F.3d 1317, 1319 (9th Cir.2006), *citing Granados-Oseguera v. Gonzales*, 464 F.3d 993, 994 (9th Cir.2006).

In this case, Defendant argues if his appeal was not dismissed because of counsel's failure to file the brief, he was plausibly entitled to relief under former I.N.A. § 212(c). This Court will address first whether Defendant was eligible for § 212(c) relief and second, if he was eligible, whether Defendant was plausibly entitled to that relief.

Defendant argues he was eligible and entitled to relief under § 212(c), which provides in pertinent part, "Aliens lawfully admitted for permanent residence who temporarily proceeded abroad voluntarily and not under an order of deportation, and who are returning to a lawful unrelinquished domicile of seven consecutive years, may be admitted in the discretion of the Attorney General without regard to the provision of subsection (a) [which lists classes of excludable aliens]." 8 U.S.C. § 1182(c) (1996) (*repealed*). Although the literal language of § 212(c) applies only to exclusion proceedings, the statute has been held to apply to deportation proceedings as well. *Ortega de Robles v. I.N.S.*, 58 F.3d 1355, 1358 (9th Cir.1995).

Whether Defendant was eligible for § 212(c) relief is a matter of current debate in the Ninth Circuit. Specifically, the law is unsettled as to whether sex offenders, among others, are eligible for § 212(c) relief. Only those aliens who commit crimes that are defined as excludable offenses by § 212(a) are eligible for relief under § 212(c). The difficultly in determining § 212(c) eligibility arises from deciding what crimes constitute excludable offenses as defined by § 212(a). In 2005, the BIA employed a comparable grounds test to determine § 212(c) eligibility. Under the comparable grounds test, an alien is eligible for § 212(c) relief only if the alien's crime leading to the deportation shares a tight connection to a ground of excludability that was outlined in the § 212(a).[1]

---

[1] The comparable grounds test derives from a comment to the Department of Homeland Security ("DHS") during the notice and comment period after the DHS promulgated a rule to implement the Supreme Court's decision in *St. Cyr v. I.N.S.,* 533 U.S. 289, 326 (2001). The Second Circuit discusses the history of the comparable grounds test in *Blake v. Carbone*. 489 F.3d 88 (2nd Cir.2007).

1  *Matter of Blake*, 23 I.&N. Dec. at 723.  Applying this test, the BIA in *Blake* held an alien
2  who was in deportation proceedings due to his aggravated felony "sexual abuse of a
3  minor" conviction was ineligible for § 212(c) relief.  *Id*. at 724.  Many circuit courts have
4  agreed with the BIA's use of the comparable grounds test.  *Dalombo Fontes v. Gonzales*,
5  483 F.3d 115 (1st Cir.2007); *Caroleo v. Gonzales*, 476 F.3d 158 (3rd Cir.2007); *Brieva-*
6  *Perez v. Gonzales*, 482 F.3d 356 (5th Cir.2007); *Valere v. Gonzales*, 473 F.3d 757 (7th
7  Cir.2007); *see also Rubio v. United States Attorney General*, 182 Fed.Appx. 925 (11th
8  Cir.2006) (unpublished).

9        Only the Second Circuit has disagreed with the BIA's use of the comparable
10 grounds test.  *See Blake v. Carbone*, 489 F.3d 88 (2nd Cir.2007).  The Second Circuit
11 declined to apply the comparable grounds test finding the test drew an arbitrary line.  *Id*.
12 at 102, fn. 10.  The Second Circuit, instead, determined "each petitioner, a deportable
13 lawful permanent resident with an aggravated felony conviction, is eligible for a § 212(c)
14 waiver if his or her particular aggravated felony offense could form the basis of exclusion
15 under § 212(a) as a crime of moral turpitude."  *Id*.

16       The Ninth Circuit is currently debating which test it will employ to determine §
17 212(c) eligibility.  Initially, the Ninth Circuit aligned itself with the majority of circuit
18 courts and adopted the comparable grounds test.  *Abebe v. Gonzales*, 493 F.3d 1092 (9th
19 Cir.2007).  Since that decision, however, the Ninth Circuit reconsidered its position.  In
20 January of this year, the Ninth Circuit granted a rehearing en banc for *Abebe*.  *Abebe v.*
21 *Mukasey*, — F.3d –, 2008 WL 222341 (9th Cir. Jan 25, 2008) (NO. 05-76201).  Until the
22 Ninth Circuit resolves *Abebe*, determining § 212(c) eligibility, particularly for aliens
23 convicted of child sex crimes, is difficult.

24       For the purposes of this case, this Court will assume Defendant is eligible for §
25 212(c) relief.  As the following analysis shows, such an assumption does not change the
26 outcome of this case.  Even if Defendant is eligible for § 212(c) relief, he is not entitled to
27 such relief.  Defendant fails to show that he has plausible grounds for relief.
28       In considering whether a defendant shows plausible grounds for relief, courts look

1   at the facts of Defendant's case including his financial, educational, family, and personal
2   histories.  For example, the Ninth Circuit held a defendant showed plausible grounds for
3   relief when he showed that he had lived in the United States since he was age 3 until he
4   was deported at age 21; that all of his family lived in California; and that he was
5   borderline retarded and need family guidance.  *Jimenez-Marmolejo*, 104 F.3d at 1086.  In
6   another case, the Ninth Circuit held an alien showed plausible grounds for relief because
7   he had lived in the United States since age 6, he was married with two United States
8   citizen children, and he had a pending labor certification from the Department of Labor.
9   *Granados-Oseguera*, 464 F.3d at 999.  In contrast, the defendant in *United States v. Proa-*
10  *Tovar*, failed to present plausible grounds that he would not have been deported.  975
11  F.2d 592, 595 (9th Cir. 1992) (en banc).  The defendant in *Proa-Tovar* resided in the
12  United States for some time but had committed numerous felonies while in the country.
13  *Id.* at 593.

14          In the case before this Court, Defendant does not make a plausible showing that he
15  would have received relief if the Ninth Circuit addressed the merits of his appeal.  The
16  Immigration Judge in this case held if Defendant were eligible for § 212(c) relief, she
17  would deny Defendant the relief given his financial, educational, family, and personal
18  histories.  The Immigration Judge noted Defendant's lack of steady income, including his
19  tax returns from 2001 and 2002 indicating income well-below the poverty line.  The
20  Immigration Judge also identified Defendant's failure to graduate from high school or
21  obtain a GED and Defendant's failure to achieve any further educational or vocational
22  training.  Furthermore, the Immigration Judge found Defendant failed to show a parental
23  relationship with his daughter and also failed to present evidence on the state of his
24  family after he committed the sex crime against his half-sister.  On appeal, the BIA
25  reviewed the same facts presented to the Immigration Judge and held the Immigration
26  Judge properly denied Defendant's § 212(c) application.

27          The Ninth Circuit reviews the BIA's decisions denying discretionary relief from
28  deportation under the abuse of discretion standard.  *Vargas v. U.S. Dept. Of Immigration*

*and Naturalization*, 831 F.2d 906, 908 (9th Cir.1987). Under this standard, the Ninth Circuit will "set aside a BIA decision to deny [discretionary] relief only in the board fails to support its conclusions with a reasoned explanation based upon legitimate concerns." *Id*.

In the present case, the Immigration Judge set out a reasoned explanation for her decision by outlining the facts supporting her decision to deny Defendant § 212(c) relief. In affirming the Immigration Judge's decision to deny § 212(c) relief, the BIA supported its conclusion that the Immigration Judge properly denied relief by also referencing the facts of Defendant's case. Given the deferential standard of review and the BIA's affirmance of the Immigration Judge's denial of relief, Defendant cannot show plausible grounds for relief.

## III.  Recommendation

For the reasons outlined above, the Magistrate Judge recommends that the District Judge after his independent review and analysis, denying Defendant's Motion to Dismiss. (Doc 10).

Pursuant to 28 U.S.C. § 636(b), any party may serve and file written objections within ten days of being served with a copy of the Report and Recommendation. If objections are not timely filed, they may be deemed waived. The parties are advised that any objections filed are to be identified with the following case number: **cr-07-1447-RCC**.

The Clerk is directed to mail a copy of the Report and Recommendation to Petitioner and counsel for Respondents.

DATED this 28th day of February, 2008.

CHARLES R. PYLE
UNITED STATES MAGISTRATE JUDGE